FARMERS' LOAN & TRUST CO. v. CUMMINGS et al.

(Supreme Court, Special Term, New York County. February 4, 1908.)

1. WILLS—ACTION TO CONSTRUE—PLACE OF TESTATOR'S RESIDENCE—EVIDENCE —WEIGHT.

Evidence in an action to construe a will *held* to show testator a resident of New York at the time of his death.

2. PERPETUITIES—CREATION BY WILL—TRUSTS.

A trust created by a will, directing the trustee to divide the income among testator's sisters, a cousin, a niece, and his father, and providing that three years after their death, excepting the niece, the estate should be distributed among the testator's nieces and nephews, is invalid.

Action by the Farmers' Loan & Trust Company, as ancillary executor, executor, and trustee under George W. Cummings' will, against John Cummings and others. Decree directed.

Turner, Rolston & Horan, for plaintiff.
Winter & Winter, for John Cummings et al.
John H. Rogan, for Josephine Cummings.
Max L. Schallek, guardian ad litem, for 22 infant defendants.

NEWBURGER, J.   George W. Cummings died on August 28, 1904. His will was admitted to probate on October 4, 1904, by the superior court of the state of California, county of Los Angeles, and on December 28, 1904, a copy of the record of said will was filed in the Surrogate's Court in the county of New York, and a decree was made directing that said will be recorded.   In his will Cummings appointed the defendant, Merchants' Trust Company, of the city of Los Angeles, executor as to his California estate, and the plaintiff his executor as to the remainder of the estate.   Letters testamentary were issued by the California court to the Merchants' Trust Company, and ancillary letters by the Surrogate's Court of this county to the plaintiff.   The will directed the plaintiff trustee to divide the income among the testator's five brothers and sisters, a cousin, a niece, and his father, all of whom were in being at the time of testator's death.   It further provided that three years after the death of the last survivor of these life tenants, other than the said niece, the entire estate be distributed among the nieces and nephews of the testator.   This action is brought for the judicial settlement of the plaintiff's accounts as executor and trustee, and for a construction of the will of the said George W. Cummings.

The questions involved are dependent upon the question of fact as to whether the testator was at the time of his death a resident of the state of California or New York.   The only proof offered upon the trial was that of the brother of the decedent and of the private secretary of the decedent, both of whom testified that the decedent had been a resident of New York for some time, and that he went to California for his health, and the secretary further testified that he received instructions to pay and paid the personal tax in this county.   It was further shown by the record of the tax office that the decedent, under his own hand, before a notary public in Los Angeles, by affidavit stated that he was a resident of the city of New York.   This affidavit was sworn to on the 9th day of March, 1904.   There can be, therefore, no question that at the time of his death, while he may have been temporarily absent, he was a resident of the city and state of New York.   Having determined that the domicile of the decedent was in this state, the trust was therefore invalid and incapable of division.

Submit findings and decree in accordance with the views herein expressed.